IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION

| | |
|---|---|
| L3HARRIS MARITIME SERVICES, INC. f/k/a L-3 UNIDYNE, INC., a Delaware corporation,<br><br>    Plaintiff,<br><br>v.<br><br>BAE SYSTEMS NORFOLK SHIP REPAIR, INC. a Virginia corporation,<br><br>    Defendant. | Civil Action No. 2:23-cv-00259<br><br>**ORAL ARGUMENT REQUESTED** |

## MOTION FOR PARTIAL SUMMARY JUDGMENT

Pursuant to Rule 56 of the Federal Rules of Civil Procedure and this Court's January 23, 2024 Order (ECF No. 54 ¶ 7), Plaintiff, L3Harris Maritime Services, Inc. f/k/a L-3 Unidyne, Inc. ("L3Harris), hereby moves for partial summary judgment in its favor on Counts I and II[1] of the

---

[1] Count II of L3Harris' Amended Complaint is L3Harris' claim for BAE's failure to compensate L3Harris for BAE constructively changing the parties subcontract by requiring L3Harris to perform out-of-scope structural work and rework. As discussed in the Amended Complaint, L3Harris documented this out-of-scope work and rework in various conditions found reports ("CFRs") that it submitted to BAE throughout the Vicksburg Subcontract. While Count II of the Amended Complaint states that L3Harris' rework and out-of-scope work was documented in CFRs listed as Categories 1 and 2 of the Amended Complaint, the following CFRs outside of Categories 1 and 2 also detail the provision of out-of-scope rework: CFRs 299C, 301C, 302C, 309C, 291C, 292C, 293C, and 376C. These CFRs documented a condition that was relevant to two different legal theories, but to ensure the hours expended on one CFR were only counted towards L3Harris' damages once, L3Harris only included each CFR in one category. These CFRs were submitted to document the additional hours L3Harris spent on the reinstallation of cables where L3Harris was provided the incorrect type or incorrect length of cable—a condition that is covered by both the legal claim for out-of-scope rework and the legal claim for BAE's failure to provide materials. Although these CFRs were included in the Amended Complaint's discussion of BAE's failure to provide materials, the CFRs are nonetheless subject to Count II of the Amended Complaint because they involve L3Harris' provision of out-of-scope rework.

1

Amended Complaint, ECF No. 51, on the grounds that there are no genuine issues as to any material fact regarding those claims, and thus L3Harris is entitled to judgment as a matter of law. The reasons and grounds supporting the Motion for Summary Judgment are more specifically set forth in the accompanying Memorandum of Law, incorporated by reference herein.

WHEREFORE, Plaintiff L3Harris respectfully moves this Court to enter an Order granting the Motion for Partial Summary Judgment and for such other and further relief as the Court deems appropriate.

Dated: April 16, 2024

*s/Matthew A. Lafferman*
Matthew A. Lafferman, VA Bar No. 86187
DENTONS US LLP
1900 K Street NW
Washington, DC 20006
Telephone: 202-496-7303
matthew.lafferman@dentons.com

Joseph G. Martinez (*admitted pro hac vice*)
Natalie M. Seelig (*admitted pro hac vice*)
DENTONS US LLP
1400 Wewatta Street, Suite 700
Denver, CO 80202
Telephone: 303-634-4371
joe.martinez@dentons.com
natalie.seelig@dentons.com

COUNSEL FOR L3HARRIS MARITIME SERVICES, INC. f/k/a L-3 UNIDYNE, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 16th day of April, 2024, I caused the foregoing Motion for Partial Summary Judgment to be served upon the following counsel via email:

Krystal B. Swendsboe
Rebecca J. Fiebig
WILEY REIN LLP
2050 M Street, NW
Washington, DC  20036
KSwendsboe@wiley.law
GWilliams@wiley.law
RFiebig@wiley.law

*s/Matthew A. Lafferman*
Matthew A. Lafferman